WHATLEY, Judge.
Saundra G. Healy, the Former Wife, appeals, and Joseph E. Healy, the Former Husband, cross-appeals the order modifying alimony and child support. We reverse the order and remand for further proceedings.
*289 In 1997, the parties’ marriage was dissolved in New Jersey by a final judgment that incorporated a property settlement agreement. The provisions of that agreement pertinent to this appeal provided that the Former Wife was to be the primary residential custodian of the parties’ minor daughter,[1] and the Former Husband was to pay child support of $45,000 a year, which amount was to be adjusted every three years using the consumer price index. The Former Husband was also to pay alimony in the amount of $125,000 per yéar for the first four years and, beginning on April 1, 2001, $175,000 per year thereafter. The decreased initial amount was in exchange for the Former Husband assuming all of the marital liabilities. In addition, the Former Husband was to pay the Former Wife $1,000,000 as equitable distribution in exchange for the Former Wife relinquishing her rights in all of the marital property.[2]
In 2000, the Former Husband filed a petition to modify his child support and alimony obligations due to a substantial change in circumstances. After a hearing, the trial court entered an order on June 25, 2001, finding that the Former Husband had shown a substantial change in circumstances in that his income had declined 26% from 1994 to 2000. The Former Husband is an insurance broker who owned his own business selling and administering group health insurance policies and self-insured health plans. The trial court found that since-1994 the Former Husband has been negatively impacted by changes in the health care system and the insurance industry’s response. Although the court found that the Former Husband reached his economic peak in 1997, it stated that he testified that demand for his product and services declined in the second half of the 1990s and he experienced internal problems at his business. Further, although the court found that the Former Husband derives his business income from servicing a smaller client base and working only a day and a half a week, he derives “substantial income” from this effort and his investment capital has grown. In addition, the court found that the decisions made by the Former.. Husband in attempting to preserve his business were earnest and neither reckless nor imprudent, and it could not fault the Former Husband “for the shrinkage of his business foundation.” However, the court also found that the Former Husband “has failed to apply himself in the insurance business. He has the potential to recover to his prior level of earnings in the insurance industry.”
In calculating the Former Husband’s income¿ the trial court stated in its order that it compared his income from 1994, 1995, and 1996, the three years before the property settlement agreement was signed, with the four years since 1996. In doing so, it used exhibits from both parties. The court then stated that the Former Husband’s average net income from 1994 to 1996 was $559,470, and his average net income from 1997 to 2000 was $415,250, a 26% decline. The court found that the Former Husband’s income from employment declined 30% between 1998 and 2000 and is showing a trend of further decline in the future. The court concluded its findings regarding the Former Husband’s income by stating that it:
[Cjhooses to average the higher incomes from 1997 and 1998 with the lower in *290 comes of 1999 and 2000 as an income imputation consideration due to the lack of time and effort the Former Husband has been putting into his insurance business of late. This Court believes that the Former Husband should be doing some retooling and reapplying himself more in the field where he has made his fortune in the first instance.
Regarding the imputation of income, the court also stated in the order that it was imputing income to the Former Husband based on available capital, but it did not specify the amounts being imputed and correlate those amounts with their sources.
The court then reduced the Former Husband’s alimony and child support obligations by 26%. Specifically, it reduced the alimony obligation from $175,000 to $129,500 per year and the child support obligation from $45,000[3] to $33,300 per year.
The parties agree that New Jersey law governs this appeal.[4] Like Florida, New Jersey requires a showing of a permanent and substantial change in circumstances to support a modification of support obligations. Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45, 51 (1980) (noting that “[cjourts have consistently rejected requests for modification based on circumstances which are only temporary or which are expected but have not yet occurred.”). Further:
In an application brought by a supporting spouse for a downward modification in alimony ... the central issue is the supporting spouse’s ability to pay. A supporting spouse’s potential to generate income is a significant factor to consider when determining his or her ability to pay alimony. Although the supporting spouse’s income earned through employment is central to the modification inquiry, it is not the only measure of the supporting spouse’s ability to pay that should be considered by a court. Real property, capital assets, investment portfolio, and capacity to earn by “diligent attention to ... business” are all appropriate factors for a court to consider in the determination of alimony modification....
[[Image here]]
Additionally, courts have held that a supporting spouse cannot insulate his or her assets from the alimony calculus by investing those assets in a non-income producing manner.
Miller v. Miller, 160 N.J. 408, 734 A.2d 752, 758-60 (1999) (citations omitted).
The trial court’s compliance with New Jersey law cannot be determined because its order is ambiguous and lacks key factual findings. First, although the trial court found a substantial change in the Former Husband’s circumstances, it did not make sufficient findings to support that conclusion. Specifically, the court erred in averaging the Former Husband’s incomes and comparing the averages from one set of years with the averages from another set of years. See Connor v. Connor, 254 N.J.Super. 591, 604 A.2d 158 (App.Div.1992). Rather, in order to evaluate whether the Former Husband has experienced a substantial change in circumstances, the *291 court must make findings regarding the Former Husband’s incomes as of the date of the property settlement agreement and as of the date of the hearing on the petition for modification. In determining the Former Husband’s income as of the date of the hearing on the petition for modification, the trial court must also set forth specific findings of fact regarding the amount of income it determines is appropriate to impute to the Former Husband due to investment income and human capital income. See Schwarz v. Schwarz, 328 N.J.Super. 275, 745 A.2d 592, 596 (App.Div.2000) (noting that it is trial court’s duty to make findings of fact and conclusions of law “on every motion decided by written orders that are appealable as of right”); Halliwell v. Halliwell, 326 N.J.Super. 442, 741 A.2d 638 (1999) (holding that imputation of speculative amount of income cannot be countenanced); Miller, 160 N.J. 408, 734 A.2d 752 (holding that it is appropriate to impute income based on payer’s investments as well as payer’s human capital).
Second, if the trial court finds that the change in circumstances is substantial, it must then determine whether that change is permanent. We cannot determine from the order whether the court made this finding. The order is ambiguous as to whether the court was finding that the decline in the Former Husband’s income is a permanent result of changes in the health insurance industry or whether it is a temporary situation caused by his failure to apply himself. The latter situation will not support a modification of the Former Husband’s support obligations. See Lepis, 83 N.J. 139, 416 A.2d 45. On remand, if the trial court determines that the Former Husband has experienced a substantial change in circumstances, it must clarify whether it finds that change to be permanent.
In light of our reversal of the order on appeal and our directions to the trial court, we reverse the denial of the Former Wife’s motion for attorney’s fees and costs. That motion should be reconsidered in light of whatever findings the court makes on the modification issues.
Reversed and remanded with directions consistent with this opinion.
ALTENBERND and SILBERMAN, JJ., Concur.

. The parties also have two emancipated children.

. The marital property included a house on Sanibel Island, two condominiums in Lee County, two properties in New Jersey, and the Former Husband’s business.

. In 2001 the New Jersey court adjusted the child support obligation to $48,036 per year. This is the figure that should be used by the trial court as the starting point if it decides to again modify the Former Husband's child support obligation.

. The parties agreed in their property settlement agreement that ''[t]he issue of ... any modification of his [the Former Husband's] support obligations ... shall be dealt with according to the law of New Jersey at the time any such application is made.” The parties thus allowed for the filing of a modification action in another state.